Zafar ULLAH, Titu Hassan–
Mohammed, Petitioners,

v.

Alberto GONZALES, Attorney General,
United States Department of
Justice, Respondents.

No. 06–5664–ag.

United States Court of Appeals,
Second Circuit.

July 26, 2007.

David J. Rodkin, New York, New York, for Petitioners.

Peter D. Keisler, Assistant Attorney, General; Emily Anne Radford, Assistant Director; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioners Zafar Ullah and Mohammed Titu–Hassan, citizens of Bangladesh, seek review of a December 1, 2006 order of the BIA, denying their motion to remand and affirming the April 25, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom, denying their applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Zafar Ullah,* No. A97 746 280, *Titu Hassan–Mohammed,* No. A97 746 290 (B.I.A. Dec. 1, 2006) *aff'g* Nos. A97 746 280, A97 746 290 (Immig. Ct. N.Y. City Apr. 25, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, petitioners have waived any challenge to the agency's denial of asylum, withholding of removal, and relief under the CAT, as they explicitly challenge only the BIA's denial of their motion to remand. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005).

A motion to remand that does not simply articulate the remedy sought on appeal will be held to the substantive standards applicable either to a motion to reconsider or to reopen. *See Sanusi v. Gonzales,* 445 F.3d 193, 200–01 (2d Cir.2006); *In re Coelho,* 20 I. & N. Dec. 464, 471 (BIA 1992). This Court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales,* 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur,* 413 F.3d at 233–34; *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The government argues that this Court lacks jurisdiction over the petition for review because petitioners did not raise before the BIA the argument they make in their brief to this Court; namely that because their prior counsel failed to prepare Ullah for his testimony, he did not discover that Ullah could have entered a "plea of incompetence." However, to the extent petitioners argued ineffective assistance before the BIA, we deem their argument regarding Ullah's competency to testify to be a subsidiary legal argument, and thus

**16**

reviewable by this Court. *See Gill v. INS,* 420 F.3d 82, 85–86 (2d Cir.2005). Petitioners argue that the BIA abused its discretion in denying the motion to remand because Ullah's inconsistent testimony made him statutorily eligible to enter a "plea of incompetence." Therefore, they argue, they were prejudiced by their prior counsel's failure to prepare Ullah for testimony because, had he prepared Ullah, he would have realized that a "plea of incompetence" was a possibility. We disagree. Petitioners present no evidence of any incompetency other than the fact that Ullah testified inconsistently. Inconsistent testimony is not alone a basis upon which to show incompetency.

Petitioners also fail to show the requisite prejudice. Even if Ullah had been deemed incompetent, petitioners do not establish that they had presented sufficient evidence that, absent credible testimony from Ullah, they would be eligible for relief. Therefore, the BIA did not abuse its discretion in denying the motion to remand. *Kaur,* 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.